**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

| | |
|---|---|
| **DONNA MITCHELL and** | ) |
| **LINDA ROBERTS,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) CASE NO. 2:25-cv-402 |
| v. | ) |
| | ) |
| **THE NEWPORT LIONS CLUB,** | ) |
| **THE NEWPORT VOLUNTEER FIRE** | ) |
| **DEPARTMENT, and** | ) |
| **THE TOWN OF NEWPORT, INDIANA,** | ) |
| | ) |
| **Defendants.** | ) |

### I. NATURE OF THE CASE

1. This is a disability discrimination action brought by Plaintiffs Donna Mitchell ("Mitchell") and Linda Roberts ("Roberts")(jointly, "Plaintiffs"), against Defendants Newport Lions Club, Newport Volunteer Fire Department, and the Town of Newport, Indiana (Collectively, "Newport" or "Defendants"), for unlawfully discriminating against the Plaintiff on the basis of disability in violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq.*, as amended, and, with respect to the Newport Volunteer Fire Department and the Town of Newport, for violation of § 794 of the Rehabilitation Act, 29 U.S.C. § 790, *et seq*. ("§ 794").

### II. PARTIES

2. Plaintiff Donna Mitchell is a citizen of the United States, and at all time relevant to this lawsuit, has resided in Terre Haute, Indiana, within the geographical boundaries of the Southern District of Indiana.

3. Plaintiff Linda Roberts is a citizen of the United States, and at all times relevant to this

lawsuit, has resided in Terre Haute, Indiana, within the geographical boundaries of the Southern District of Indiana.

4. The Newport Hill Climb ("Hill Climb") is a timed, up-hill speed competition for antique motor vehicles, held yearly in Newport, Indiana, within the geographic boundaries of the Southern District of Indiana.

5. Defendant Newport Lions Club ("Lions") is the Newport, Indiana, affiliate of Lions Clubs International, an international service organization headquartered in Oak Brook, Illinois.

6. Defendant Newport Volunteer Fire Department ("Department") is a political subdivision of the State of Indiana, and an instrumentality of the Town of Newport.

7. Defendant Town of Newport ("Town") is a political subdivision of the State of Indiana, located within Vermillion County, Indiana.

8. The Lions, the Department, and the Town, jointly sponsor, organize, and operate the Hill Climb.

### III. JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §12117.

10. The Hill Climb is a "public accommodation" as that term is defined by 42 U.S.C. §12181(7).

11. Defendant Club is an "private entity" as that term is defined by 42 U.S.C. § 12181(6).

12. Defendant Department is a "public entity" as that term is defined by 42 U.S.C. § 12131(1)(B).

13. Defendant Town "public entity" as that term is defined by 42 U.S.C. § 12131(1)(A).

14. Plaintiff Roberts is a qualified individual as that term is defined in 42 U.S.C. § 12111, and has a "disability" as that term is defined by 42 U.S.C. § 12102(1).

15. Plaintiff Mitchell is a qualified individual as that term is defined in 42 U.S.C. § 12111, and has a "disability" as that term is defined by 42 U.S.C. § 12102(1).

16. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and/or (b)(3).

### IV. FACTUAL ALLEGATIONS

17. Mitchell, who lives in Terre Haute, attends the Hill Climb every October.

18. In 2021, after being diagnosed with COPD and tachycardia, which left Mitchell unable to walk more than short distances, she began to take her golf cart to move around the Hill Climb.

19. Mitchell towed the golf cart on a utility trailer behind her full-sized conversion van, which is identified by an official handicapped placard and/or handicapped license plates.

20. Mitchell was allowed to park her vehicles alongside the portable toilets, immediately adjacent to the handicapped parking area.

21. In early 2023, Mitchell replaced her golf cart with a mobility scooter. At the same time, Mitchell bought a second mobility scooter for her mother, Roberts, who is also unable to walk long distances due to her age and health.

22. When Mitchell and Roberts arrived in Newport for the 2023 Hill Climb, with the scooters now replacing the golf cart on the trailer, she was directed to the handicapped parking area as usual.

23. When she reached the handicapped parking area, Mitchell asked the parking attendant if she could park her vehicles near the toilets, as she had been allowed to do in the past.

24. The attendant, who identified himself as the Chief of the Newport Volunteer Fire Department, refused to allow Mitchell to park next to the toilets, screaming at Mitchell that he had worked

the Hill Climb for years, and had never allowed anyone to park near the toilets.

25. The attendant told Mitchell she would have to park in the handicapped section itself.

26. However, when Mitchell drove through the handicapped parking lot, there were no spaces available for her to park which did not block the vehicle access paths in the lot.

27. Mitchell then pulled up on the opposite side of the toilets, but the attendant ordered them to move.

28. The attendant ordered Mitchell to park in a field on the side of the handicapped lot away from the Hill Climb activities.

29. Mitchell attempted to explain that her, and her mother's, mobility scooters were not capable of operating on the rough terrain between the field and the Hill Climb.

30. At this point, a frustrated Mitchell called the 9-1-1 dispatcher, and explained that she was at the Hill Climb, and a man claiming to be the fire chief was screaming at her, and refusing to allow her to park in the handicapped lot, and asked for a police officer to be dispatched to help resolve the situation.

31. Because of the traffic at the time, Mitchell had to speak in a loud voice to communicate with the dispatcher.

32. Mitchell heard the dispatch on the radio scanner, and observed that the attendant did, as well.

33. The attendant conferred with a group of other Hill Climb staff, and a second staff member approached Mitchell and ordered her to move.

34. While Mitchell waited for the police, the attendants allowed at least two other vehicles to park in the same area where Mitchell had been told she could not park.

35. When Mitchell asked the driver of one of the vehicles why they were parking there, the

driver told Mitchell than the "fire chief and the other attendant" had specifically directed her to park behind Mitchell.

36. When a police officer finally arrived, he first spoke with the fire chief before approaching Mitchell's van.

37. The police officer told Mitchell that, because *she* had "yelled" at the dispatcher, she would have to leave the Hill Climb completely, which Mitchell and Roberts did.

## V. LEGAL ALLEGATIONS

### Count 1: Violation of the ADA - All Defendants

38. The Plaintiffs incorporate the factual allegations in each of the preceding paragraphs as though fully set forth herein.

39. Mitchell and Roberts each have a "disability," as that term is defined by the ADA, 42 U.S.C. § 12102.

40. Defendants discriminated against the Plaintiffs because of their disabilities by denying them the full and equal enjoyment of the Hill Climb.

41. Defendants further discriminated against the Plaintiffs by refusing to provide a reasonable accommodation for Plaintiffs' disabilities.

42. Defendants' unlawful and discriminatory actions were intentional, willful, and/or taken with reckless disregard for the Plaintiffs' clearly established rights under the ADA.

43. As a direct and proximate result of Defendants' unlawful and discriminatory actions, the Plaintiffs suffered, and continue to suffer, damages, including but not limited to emotional distress, embarrassment, humiliation, and damage to Plaintiffs' personal and professional reputations.

### Count 2: Violation of § 794 - Department and Town

44. The Plaintiffs incorporate the factual allegations in each of the preceding paragraphs as though fully set forth herein.

45. On information and belief, the Department and the Town are each a program or activity receiving Federal financial assistance, as that term is defined by § 794, as they receive funds through the Assistance to Firefighters Grant program.

46. The actions of the Department and the Town excluded Plaintiffs from participation in, and/or denied Plaintiffs the benefits of, and/or subjected Plaintiffs to discrimination solely by reason of their disabilities, in violation of § 794.

47. Defendants' unlawful and discriminatory actions were intentional, willful, and/or taken with reckless disregard for the Plaintiffs' clearly established rights under § 794.

48. As a direct and proximate result of Defendants' unlawful and discriminatory actions, the Plaintiffs suffered, and continue to suffer, damages, including but not limited to emotional distress, embarrassment, humiliation, and damage to Plaintiffs' personal and professional reputations.

## VI. RELIEF

**WHEREFORE,** Plaintiffs Donna Mitchell and Linda Roberts respectfully pray that the Court find in their favor and provide the following relief:

49. Order the Defendants immediately to refrain from future discriminatory and unlawful violations of the ADA and § 794;

50. Order the Defendants to pay the Plaintiffs compensatory damages, in an amount sufficient to make the Plaintiffs whole for the damages inflicted by Defendant's unlawful and discriminatory actions;

51. Order the Defendants to pay Plaintiffs prejudgment and post-judgment interest on all sums recoverable;

-7-

52. Order Defendants to pay Plaintiffs' reasonable attorney fees and costs; and

53. Order the Defendants to provide Plaintiffs with all other relief that is just and proper.

## VII.  DEMAND FOR TRIAL BY JURY

The Plaintiffs Donna Mitchell and Linda Roberts, by counsel, requests a trial by jury on all issues so triable.

Respectfully submitted,

  *s/ Jay Meisenhelder*
Jay Meisenhelder, Atty No. 19996-49
JAY MEISENHELDER EMPLOYMENT
& CIVIL RIGHTS LEGAL SERVICES, P.C.
650 North Girls School Road, Suite D40
Indianapolis, IN  46214
Office Telephone:     317/231-5193
Direct Telephone:     317/899-9220
Facsimile Number:   317/982-5463
Email Address jaym@ecrls.com